# United States Court of Appeals
## For the First Circuit

No. 24-1279

BRIAN HUSSEY,

Plaintiff, Appellant,

v.

CITY OF CAMBRIDGE; CHRISTINE ELOW, in her official capacity as Commissioner of the Cambridge Police Department,

Defendants, Appellees,

BRANVILLE G. BARD, JR., in his individual capacity,
Defendant.

Before

Barron, Chief Judge,
Gelpí, Montecalvo, Rikelman,
Aframe, and Dunlap, Circuit Judges.

**ORDER OF COURT**

Entered: January 28, 2026

A majority of the active judges who are not disqualified have voted to hear this case en banc. Accordingly, the petition for rehearing en banc is granted. In accordance with customary practice, the panel opinion released on August 15, 2025, is withdrawn, and the judgment entered the same date is vacated. See 1st Cir. I.O.P. X(D).

The en banc court will have copies of the parties' previously filed briefs. The parties are directed to file simultaneous supplemental briefs addressing the following questions, in addition to any other questions they may wish to address:

The majority panel opinion relied on First Circuit precedent for the proposition that "speech commenting on public 'issues in a mocking, derogatory, and disparaging manner' is accorded less weight in the [Pickering] balancing test." Hussey v. City of Cambridge, No. 24-1279, Slip Op. (Aug. 15, 2025), at 16 (quoting MacRae v. Mattos, 106 F.4th 122, 137 (1st Cir. 2024), and also citing Curran v. Cousins, 509 F.3d 36, 49 (1st Cir. 2007) ("Speech

done in a vulgar, insulting, and defiant manner is entitled to less weight in the Pickering balance.")).

(a) Is this precedent consistent with the Supreme Court's First Amendment jurisprudence, including but not limited to Rankin v. McPherson, 483 U.S. 378 (1987), and Connick v. Meyers, 461 U.S. 138 (1983)?  Please address the propriety of giving less weight to "mocking, derogatory, and disparaging" speech on matters of public concern, and -- in doing so -- please discuss how the consideration of "manner, time, and place" in the Pickering balance bears on that question. Finally, please address whether the propriety of giving less weight to "mocking, derogatory, and disparaging" speech on matters of public concern depends on whether the speech occurred within the workplace or outside the workplace.

(b) Is there a more suitable approach, also consistent with First Amendment jurisprudence, for balancing the First Amendment right of a public employee to speak on a matter of public concern against the needs of the public employer?

(c) How would any proposed change in approach affect the analysis and outcome in this case?  Please also discuss whether, and how, the Pickering balancing would differ under such an approach for speech by a public employee holding a different employment position or rank than appellant Hussey.

(d) If the proper Pickering inquiry considers whether the speech at issue disrupted the workplace without reducing the employee's interest in the speech, is it necessary to remand the case to the District Court? Or did the District Court already make a finding on that score?

The supplemental briefs should be filed simultaneously on or before **February 18, 2026**. Such briefs should not exceed 30 pages, and shall otherwise comply with applicable rules concerning format, service, and other requirements.

Amici are welcome to file amicus briefs, also not to exceed 30 pages per brief, no later than 7 days after the principal supplemental briefs are filed, but must seek prior leave of court.

Any reply supplemental briefs must be filed by the parties no later than 21 days after the amici briefing deadline.  Reply briefs are limited to 15 pages.

The en banc hearing will be scheduled for Wednesday, April 8, 2026, at 2:00 p.m.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Harold L. Lichten, Benjamin Weber, Jack Ives Bartholet, Kate Kleimola, Peter Jude Duffy, Eric R. Atstupenas