# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

| | |
|---|---|
| BRIAN HUSSEY,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>CITY OF CAMBRIDGE; CHRISTINE ELOW, in her official capacity as Commissioner of the Cambridge Police Department,<br><br>    Defendants-Appellees,<br><br><br>BRANVILLE G. BARD, JR., in his individual capacity,<br><br>    Defendant. | No. 24-1279 |

## RESPONSE OF PLAINTIFF-APPELLANT IN OPPOSITION TO PROPOSED AMICUS CURIAE LAWYERS FOR CIVIL RIGHTS' MOTION FOR EXTENSION OF TIME TO FILE AMICUS BRIEF

While Plaintiff-Appellant does not object to Proposed Amicus Lawyers for Civil Rights' submission of an amicus brief, he strongly objects to its motion for an extension of time to do so. Granting this extension would further delay resolution of this very lengthy appeal and require the Court to reschedule the oral arguments currently set for April 8. Moreover, Proposed Amici has failed to demonstrate the requisite "good cause," Fed. R. App. P. 26(b), and — even if it could — this Court

1

should not exercise its separate discretion to permit an extension that would throw into disarray the Court's briefing schedule, especially *after* the parties' principal en banc briefs have already been submitted, at the request of a non-party who, by its own recounting, learned of this appeal just two days ago, Mot. at ¶ 3.[1]

Under the Federal Rules, Proposed Amicus must, as a threshold matter, demonstrate "good cause" for their extension request. Fed. R. App. P. 26(b). The Second Circuit has explained:

> The "good cause" standard, in contrast [to the excusable neglect standard], applies in situations in which there is *no fault*—excusable or otherwise, such as when the Postal Service fails to deliver a notice to appeal….To establish good cause, the movant must therefore show that the need for an extension is occasioned by something that is not within the control of the movant.
>
> Because the "good cause" standard applies only in situations in which there is no fault, it requires a greater showing than excusable neglect. As the Supreme Court explained in *Pioneer*, "the ordinary meaning of 'neglect' encompasses omissions caused by carelessness." The plain meaning of the phrase good cause, however, has no such connotation. Courts have accordingly declined to apply the "good cause" standard in cases in which the movant's failure to prosecute a timely appeal was at least partially attributable to the movant's own inadvertence.

---

[1] Proposed Amicus argues in one breath that "LCR first learned of the en banc rehearing on February 17, 2026, leaving only a brief window to conduct necessary legal and factual research," yet in the next argues that "[t]his appeal goes to the heart of LCR's work on civil rights and police accountability." Mot. at ¶ 3–4. Plaintiff-Appellant notes parenthetically that the unawareness of a local organization purporting to have "long advocated on behalf of communities of color in important civil rights matters, including police reform, community policing, and the importance of law enforcement trust and accountability," Mot. at ¶4, about this several-years-long case until just two days ago only serves to underscore the utter lack of disruption caused by Plaintiff-Appellant's speech.

2

*Alexander v. Saul*, 5 F.4th 139, 147 (2d Cir. 2021) (cleaned up) (emphasis in original).

Here, the only grounds for the extension request advanced by Proposed Amicus is that it "first learned of the *en banc* rehearing on February 17, 2026, leaving only a brief window to conduct necessary legal and factual research, and prepare a submission that would meaningfully assist the Court." Mot. at ¶ 3. But Proposed Amicus's ignorance of this appeal is plainly not "good cause." *See Weinberger v. Group*, 339 F.2d 34, 35 (1st Cir. 1964) ("The issue is good cause, and cause which has resulted from a party's own lack of diligence is not good cause."); *see also, e.g.*, *Milford v. Hodel*, 884 F.2d 1395 (9th Cir. 1989) ("Ignorance or negligence of counsel does not constitute good cause."); *cf. United States v. Barnett*, 330 F.2d 369, 422 (5th Cir. 1963) (seriatim) (opinion of Gewin, J.) ("[A]n amicus is not and should not be a party to the suit, [and] should not have control over it, but should accept the case before the court with the issues made by the parties involved."); *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 738 F.2d 82, 85 (8th Cir. 1984) ("Intervenors, in other words, must take the lawsuit as they find it. Indeed, we do not understand them to contend otherwise. Their brief does not request any postponement in the previously set trial date."); *In re Kloza*, 222 Fed. Appx. 547, 550 (9th Cir. 2007) (unpublished) (quoting *Warrick v. Birdsell (In re Warrick),* 278 B.R. 182, 187 (9th Cir.BAP 2002)) ("It is well-settled that

failure to receive notice of entry of judgment or order is not an excuse for an untimely appeal because it is the party's affirmative duty to monitor the dockets.").

Even if Proposed Amicus's lack of diligence in tracking this appeal could constitute good cause, "the acceptance of amicus briefs is within the sound discretion of the court." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). This Court has further explained that a:

> court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance.

*Id.* Here, not only will the parties (and plenty of other anticipated amici) have thoroughly briefed and elucidated the issues on appeal in rounds of briefing before the panel and then again before the en banc Court; there will also have been two rounds of oral argument — all in addition to the arguments made before the district court. There is simply no need to allow Proposed Amici to parachute into this case at the eleventh hour and prompt significant changes to the briefing schedule. *See Fry v. Exelon Corp. Cash Balance Pension Plan*, 576 F.3d 723, 725 (7th Cir. 2009) ("The extra 7 days permit a potential *amicus* to avoid repeating arguments that appear in the principal briefs. This conserves judicial time. Allowing an *amicus* brief to be filed 7 or more days after a petition for rehearing, by contrast, would squander judicial time. Someone who wants to file as *amicus curiae* in support of a

4

petition for rehearing, or rehearing en banc, must use the same schedule as the petitioner."); *Straw v. Utah*, 2023 WL 4197651, at *5 (10th Cir. June 27, 2023) (collecting cases) ("The purpose of an amicus brief is to serve the court, so its acceptance is within the discretion of a court based on its view of the brief's utility in helping to resolve the issues before it.").

At the same time, Proposed Amicus's argument that it needs extra time to "evaluate the record and develop the arguments it seeks to present," and "provid[e] context that may not otherwise be fully developed by the parties," Mot. at ¶¶ 3, 5, is not well-founded. This is particularly so given that Proposed Amicus represents it only learned of this en banc appeal within the past two days and thus could not credibly have had time to adequately review the lengthy record and many legal arguments made by the parties to discern whether it truly has anything new to add to this case. Instead, it candidly appears as if Proposed Amicus is seeking to belatedly insert itself into this case now that the case has the prestige of receiving en banc consideration and will then think up some arguments to add after the fact.

Furthermore, contrary to its assertion, permitting Proposed Amicus this extension would require rescheduling the en banc hearing, which has been set for April 8 for nearly a month now.[2] The Court's January 28 en banc Order states that

---

2   *But see* 1st Cir. Loc. R. 34.1(d) ("Once a case is scheduled for argument, continuances may be allowed only for grave cause."). Rescheduling these arguments would be *especially* inconvenient given their en banc nature and the

"[a]ny reply supplemental briefs must be filed by the parties no later than 21 days after the amici briefing deadline." *Hussey v. City of Cambridge*, 2026 WL 220297, at *2 (1st Cir. Jan. 28, 2026). If the amicus deadline remains unchanged, the parties' reply supplemental briefs will be due on March 18, which gives the Court three weeks in which to review the briefs before the April 8 oral arguments. However, should Proposed Amicus's motion be granted, the parties' reply supplemental briefs will not be due until April 1, which would only give the Court and the parties one week in which to review and analyze the parties' briefs and prepare for argument — an insufficient amount of time, especially given the complexity of the legal doctrines and issues at play as well as what is anticipated to be a multitude of various other amicus briefs. Moreover, were the Court to grant Proposed Amicus's extension but *not* permit the parties a commensurate extension for their reply briefs, this would provide an inadequate amount of time for the parties to respond to any arguments raised by Proposed Amicus (especially, again, in light of the case's complexities and an anticipated deluge of other briefs), and would unfairly prejudice the party whose position is opposed by Proposed Amicus — Plaintiff-Appellant.

---

attendant scheduling and logistical complexities inherent to a sitting of all active judges and participating senior judges from the panel.

All of these considerations are likely why *both parties* initially opposed Proposed Amicus's motion. However, Defendants-Appellees — presumably after realizing that Proposed Amicus's brief is in support of their position — then changed tack and reversed their opposition to this extension. *See* Ex. A (initial email from counsel for Defendants-Appellees in response to LCR's email asking the parties to consent to this extension request) ("We are consenting to all amicus briefs, but cannot agree to an extension in this context."); Ex. B (subsequent email from counsel for Defendants-Appellees roughly an hour and a half later agreeing to the extension request). Defendants-Appellees had it right the first time: The Court should not grant this extension.

Dated: February 19, 2026

Respectfully submitted,

BRIAN HUSSEY,

By his attorneys,

*/s/ Jack Bartholet*
Harold Lichten, CAB # 22114
Jack Bartholet, CAB # 1211802
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
jbartholet@llrlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 19, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Jack Bartholet*
Attorney for Plaintiff-Appellant

Dated: February 19, 2026