No. 24-1279

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

BRIAN HUSSEY,

*Plaintiff-Appellant,*

v.

CITY OF CAMBRIDGE; CHRISTINE ELOW, in her official capacity as Commissioner of the Cambridge Police Department,

*Defendants-Appellees,*

BRANVILLE G. BARD, JR., in his individual capacity,

*Defendant.*

On Appeal from the United States District Court
for the District of Massachusetts
Case No. 1:21-cv-11868 / Hon. Angel Kelley

**MOTION FOR LEAVE TO FILE EN BANC AMICUS
BRIEF OF DR. ANDREW K. FOX IN SUPPORT
OF APPELLANT AND REVERSAL**

| | |
|---|---|
| James A. Campbell<br>ALLIANCE DEFENDING FREEDOM<br>44180 Riverside Pkwy<br>Lansdowne, VA 20176<br>(571) 707-4655<br>jcampbell@ADFlegal.org | John J. Bursch<br>ALLIANCE DEFENDING FREEDOM<br>440 First Street NW, Suite 600<br>Washington, DC 20001<br>(202) 393-8690<br>jbursch@ADFlegal.org |
| | Rory T. Gray<br>ALLIANCE DEFENDING FREEDOM<br>1000 Hurricane Shoals Rd. NE<br>Suite D-1100<br>Lawrenceville, GA 30043<br>(770) 339-0774<br>rgray@ADFlegal.org |

*Counsel for Amicus Curiae*

Pursuant to Federal Rule of Appellate Procedure 29 and this Court's January 28, 2026, order, Amicus Dr. Andrew K. Fox respectfully moves this Court for leave to file the attached en banc amicus brief in support of Appellant and reversal. Amicus requested the parties' positions on this motion. Appellant's counsel consented to the filing of this brief. Appellees' counsel did not respond.

## CORPORATE DISCLOSURE STATEMENT

Dr. Andrew K. Fox is an individual citizen and Texas resident with no parent corporation or stockholders.

## IDENTITY AND INTEREST OF AMICUS CURIAE

Dr. Andrew K. Fox is an ordained minister, author, and businessman committed to serving God and his community. While pastoring a church in Kennewick, Washington, Dr. Fox served as a volunteer chaplain for the local police department. After a move to Austin, Texas, Dr. Fox pioneered a volunteer chaplaincy program with the Austin Fire Department.

Dr. Fox served as the volunteer Lead Chaplin there for eight years, offering pastoral care to all members of the Austin Fire Department on an equal basis. The Fire Chief commended Dr. Fox for offering vital support after a Fire Department member's sudden death. And the Fire Chief favored creating a paid chaplain position for him.

1

But this public service came to a screeching halt after a Battalion Chief discovered a blog Dr. Fox posted on his private ministry's website on his own time. Discussing current events from a historic-Christian perspective, Dr. Fox expressed his beliefs that God designed each person as male or female, that sex is immutable, and that males shouldn't compete against females in women's sports. The Battalion Chief alerted the Fire Department's LGBT Liaison to the blog, which expressed views shared by millions of Americans. The liaison complained to management.

Dr. Fox met with the LGBT Liaison to hear and understand her concerns. But their respectful dialogue didn't end the matter. The liaison circulated printed copies of the blog to different fire stations and her friends, drumming up complaints. The Fire Chief conducted no investigation of the blog post's impact; he simply relied on the LGBT Liaison's say-so and ordered Dr. Fox to write an apology.

Dr. Fox drafted two apologies that explained the blog's purpose, expressed his desire to engage in healthy discussion, and expressed regret that some people were offended by his beliefs. But Dr. Fox could not recant his religious views. As a result, the Fire Chief terminated Dr. Fox from his position as volunteer Lead Chaplain, accusing him of failing to provide "a comforting and welcoming presence and service for any and all firefighters and Department employees."

Yet Dr. Fox provided compassionate chaplain services to everyone, including those who identify as LGBT. So Dr. Fox sued the City of Austin for, among other things, retaliating against his speech as a citizen on matters of public concern. *Fox v. City of Austin*, No. 1:22-cv-00835 (W.D. Tex. compl. filed Aug. 18, 2022). After the district court denied the city's motion for summary judgment and set Dr. Fox's speech-retaliation claim for trial, the parties reached a settlement.

Dr. Fox has a strong interest in this litigation because it closely resembles his own. Like Mr. Hussey, Dr. Fox was associated with a uniformed service, spoke as a citizen—on his own time—regarding a matter of public concern, and was punished with no meaningful investigation based on manufactured complaints. Unlike Mr. Hussey, Dr. Fox's speech-retaliation claim was set for trial.

Dr. Fox submits this brief to ensure that public employees or volunteers—like him—can express their religious or political beliefs off-duty without fear of retribution. The First Amendment bars government from needlessly punishing ordinary employees for expressing views on hot-button topics outside work. That's as true in Massachusetts as it is in Texas.

### RELEVANCE AND DESIRABILITY OF AMICUS CURIAE'S BRIEF

Courts are "usually delighted to hear additional arguments from able amici that will help the court toward rights answers." *Mass. Food*

*Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999). Dr. Fox's amicus brief is relevant and desirable because it delves deep into Supreme Court precedent and will aid this Court in resolving the important constitutional issues presented in this appeal.

Initially, the brief summarizes four principles that govern the balancing test for public-employee speech claims. Then the brief sorts myriad factors that are relevant to the balancing test into four general categories, outlining the considerations relevant to each. Next, the brief applies the balancing test to Mr. Hussey's case using the four categories, concluding that his free-speech claim prevails as three categories support Mr. Hussey and—at best for the City—the fourth is a wash. Last, the brief answers the Court's additional questions about First Amendment jurisprudence and the necessity of a remand. The brief explains that First Circuit precedent allowing courts to downgrade the protection accorded messages based on their offensive tone conflicts with First Amendment precedent generally and should be overruled. And the brief shows that no remand is necessary; instead, the Court should reverse and order summary judgment for Mr. Hussey.

## CONCLUSION

For these reasons, Amicus Dr. Andrew K. Fox respectfully requests that the Court grant his motion for leave to file the attached amicus curiae brief.

Dated: February 25, 2026

Respectfully submitted,

<u>s/Rory T. Gray</u>

| | |
|---|---|
| James A. Campbell | Rory T. Gray |
| ALLIANCE DEFENDING FREEDOM | ALLIANCE DEFENDING FREEDOM |
| 44180 Riverside Pkwy | 1000 Hurricane Shoals Rd. NE |
| Lansdowne, VA 20176 | Suite D-1100 |
| (571) 707-4655 | Lawrenceville, GA 30043 |
| jcampbell@ADFlegal.org | (770) 339-0774 |
| | rgray@ADFlegal.org |

John J. Bursch
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
jbursch@ADFlegal.org

*Counsel for Amicus Curiae*

# CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Fed. R. App. P. 27(d)(2) because the motion contains 865 words.

This motion complies with Fed. R. App. P. 27(d)(1)(E) and the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Word 365 using a proportionally spaced typeface, 14-point Century Schoolbook.

Dated: February 25, 2026

                                            *s/Rory T. Gray*
                                            Rory T. Gray
                                            *Counsel for Amicus Curiae*

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 25, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the First Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

         <u>*s/Rory T. Gray*</u>
         Rory T. Gray
         *Counsel for Amicus Curiae*